# In the United States Court of Federal Claims

No. 22-821C

(Filed:  August 10, 2022)

**NOT FOR PUBLICATION**

| | |
|---|---|
| JOHN TIMOTHY PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Pro Se Complaint; Lack of |
| v. | ) Subject Matter Jurisdiction; |
| | ) RCFC 12(h)(3); IFP; Three |
| THE UNITED STATES, | ) Strikes Barred; 28 U.S.C. |
| | ) § 1915(g); Sua Sponte; |
| Defendant. | ) Transfer. |
| | ) |

<u>ORDER</u>

On July 28, 2022, pro se plaintiff, who is incarcerated at the Douglas County Jail in Lawrence, Kansas, filed a complaint in this court.  <u>See</u> ECF No. 1 (complaint); ECF No. 5 (notice of change of address).  Plaintiff has also filed a motion for leave to proceed <u>in forma pauperis</u> (IFP).  <u>See</u> ECF No. 2.  For the following reasons, the court lacks jurisdiction to consider the merits of plaintiff's case, but will transfer the case to the court in which the complaint could have been filed.

I.      Background

In his complaint, plaintiff alleges he "has been denied access to business accounts and/or along with email address to conduct his tax obligations and other dependent and independent responsibilities due to the conduct of various government agencies, department, boards, and the like" in violation of the "Electronic Communications and Privacy Act, 18 U.S.C. § 2511 <u>et seq</u>," the "CAREN Act," and due process.  ECF No. 1 at 1.  Plaintiff argues that this denial of access constitutes "torture, cruel and inhumane and degrading treatment[] and punishment[]."  <u>Id.</u> at 2; <u>see also</u> ECF No. 1-2 at 1-3 (exhibits to complaint, inmate grievance forms).  Plaintiff further alleges that "[l]awyers, judges, and district attorneys acted to swindle personal property and intellectual property" from him "through enactment of the judicial process" and "allowing certain impersonations of public servants throughout proceedings."  ECF No. 1 at 2.  According

to plaintiff, as a result of this conduct, he "has not been able to regain control of personal finances . . . or file proper tax returns."  Id.

Plaintiff requests that the court order that he be "reimburse[d] [his] royalties grossed and net from [his] Amazon-Kindle Direct Publishing account(s)," that his "personal and private revenue generated from [his] various business ventures" be returned, and that he "be returned to Liberty to handle [his] dependent and independent responsibilities . . . . [and] [r]egain access to [his] business and personal accounts."  Id. at 3.

## II.     Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491.  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).  These include "claims for money damages against the United States 'founded either upon the Constitution, any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'"  Id. (quoting 28 U.S.C. § 1491(a)(1)).  If the court finds that it lacks jurisdiction over the claims made in plaintiff's complaint, the court must dismiss the case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) sua sponte.  See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.     Analysis

### A.     Plaintiff Is Three-Strikes Barred from Proceeding In Forma Pauperis

Congress enacted the "three strikes" rule in an attempt to discourage the filing of "'frivolous, malicious, or repetitive lawsuits.'"  Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)).  The rule states, in relevant part, that a prisoner may not bring an action in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails
to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed at least four prior civil complaints in the United States District
Court for the District of Kansas, three of which have been dismissed for failure to state a
claim upon which relief may be granted.  See Price v. Dixon, Case No. 21-cv-3283-SAC
(D. Kan. Mar. 17, 2022) (dismissed for failure to state a claim upon which relief may be
granted); Price v. Kagay, Case No. 22-cv-3003-SAC (D. Kan. Mar. 17, 2022) (same);
Price v. Blount County, Alabama, Case No. 22-cv-3059-SAC (D. Kan. Apr. 21, 2022)
(same).  The court has therefore found that plaintiff "may proceed in forma pauperis only
if he establishes a threat of imminent danger of serious physical injury."  Price v.
Spillman Tech., Case No. 22-3089-SAC, ECF No. 3 at 1-2 (D. Kan. May 10, 2022); see
also id., ECF No. 4 (dismissing case for failure to pay the required filing fee).

Accordingly, plaintiff may likewise proceed in this court in forma pauperis only if
he establishes a threat of "imminent danger of serious physical injury."  28 U.S.C.
§ 1915(g).  In the court's view, nowhere in plaintiff's IFP application or complaint does
he allege or otherwise establish any facts showing such imminent threat.  See ECF No. 1;
ECF No. 2.  However, because the court lacks jurisdiction over plaintiff's claims, the
court will not allocate additional time to notice plaintiff of this additional threshold
requirement before ruling on his IFP motion.  Instead, the court will transfer plaintiff's
motion to proceed in forma pauperis, along with plaintiff's complaint as described below.

B.      This Court Lacks Jurisdiction over Plaintiff's Claims

In his complaint, plaintiff alleges that "various government agencies, department,
boards, and the like" have violated his constitutional rights and a criminal statute.  ECF
No. 1 at 2.  This court lacks jurisdiction to consider this case because violations of
constitutional rights that are not money-mandating, such as the right to due process, do
not fall within this court's jurisdiction.  See Spain v. United States, 277 F. App'x 988,
989 (Fed. Cir. 2008).  Likewise, to the extent that plaintiff alleges crimes have been
committed against him, the court lacks jurisdiction over criminal matters, and thus does
not have the authority to consider plaintiff's complaint on this basis.  E.g., Joshua v.
United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

To the extent that plaintiff intends to allege claims against individual federal
officials, this court also lacks jurisdiction to consider such claims.  "The Tucker Act
grants the Court of Federal Claims jurisdiction over suits against the United States, not
against individual federal officials."  Brown v. United States, 105 F.3d 621, 624 (Fed.
Cir. 1997).  Indeed, allegations of "wrongful conduct by governmental officials in their

official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction." Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (citing 28 U.S.C. § 1346(b)).

For these reasons, the court is without jurisdiction to consider the merits of plaintiff's case.

C.      Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already addressed the first requirement for transfer, finding that it lacks jurisdiction.  Reviewing the complaint, this case could have been filed in the United States District Court for the District of Kansas.  See ECF No. 1.  And, the court finds that transferring this case would serve the interests of justice.  "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."  Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'"  Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

It is not clear from the face of the complaint whether plaintiff's claim has any merit.  Because this court lacks the jurisdiction to consider the merits in this case, however, the appropriate tribunal to make that determination is the United States District Court for District of Kansas.  Based on available information, while plaintiff has filed a number of cases before the District Court for the District of Kansas, it does not appear that plaintiff has previously raised the issues in the instant complaint in that court.  See, e.g., Price v. Dixon, Case No. 21-cv-3283-SAC (D. Kan. Dec. 16, 2021); Price v. Kagay, Case No. 22-cv-3003-SAC (D. Kan. Jan. 5, 2022); Price v. Blount County, Alabama, Case No. 22-cv-3059-SAC (D. Kan. Apr. 4, 2022); Price v. Spillman Tech., Case No. 22-

cv-3089-SAC (D. Kan. May 9, 2022).  As such, allowing the district court to make a determination on the merits as presented in plaintiff's complaint is appropriate.

IV.    Conclusion

Accordingly, for the foregoing reasons:

(1)    The court declines to rule on plaintiff's motion to proceed <u>in forma pauperis</u>, ECF No. 2, in light of the court's lack of subject matter jurisdiction; and

(2)    The clerk's office is directed to **TRANSFER** this case to the **United States District Court for the District of Kansas**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge